## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **KATHY WHITTEMORE**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**STEAK N SHAKE, INC.**, an Indiana corporation,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  8:21-cv-1895**<br><br>**Judge:**<br><br>**Mag. Judge:** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KATHY WHITTEMORE** ("**WHITTEMORE**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1.     This is an action brought under the Family & Medical Leave Act (FMLA), F.S. §440.205, and Florida's Private Whistleblower Act (FWA) for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA, (3) retaliation in violation of §440.205, and (4) retaliation in violation of the FWA.

### PARTIES

2.     The Plaintiff, **KATHY WHITTEMORE** ("**WHITTEMORE**") is an individual and a resident of Florida who at all material times resided in Pasco

1

County, Florida. At all material times, **WHITTEMORE** was employed by the Defendant as a general manager. **WHITTEMORE** performed work for the Defendant primarily in Pinellas and Hillsborough County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **WHITTEMORE** was an employee within the contemplation of the FMLA, §440.205, and FWA. Venue for this action lies in the Middle District of Florida, Tampa Division.

3.      The Defendant, **STEAK N SHAKE, INC.** ("**SNS**" or Defendant) is an Indiana company. The Defendant employs in excess of 50 employees, and was **WHITTEMORE**'s employer within the meaning of the FMLA, §440.205 and FWA.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of this matter under 28 U.S.C. §1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

5.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Pinellas County, Florida, which is within the Middle District of Florida. Venue is proper in the Tampa Division under Local Rule 1.02(b)(5) since the action accrued primarily in Pinellas County, which is within the Tampa Division.

## GENERAL ALLEGATIONS

6.    **WHITTEMORE** began her employment with the Defendant on February 12, 2012.

7.    **WHITTEMORE** performed her assigned duties in a professional manner and was very well qualified for her position. In fact, she received raises and a promotion from the Defendant.

8.    On or about September 19, 2019, **WHITTEMORE** suffered a workplace injury to her knee, which she immediately reported.

9.    Thereafter, it was determined that the injury was significant and that she would require surgery to repair the damage to her knee.

10.    Accordingly, **WHITTEMORE** filed a worker's compensation claim in May 2020, while also informing the Defendant of her need for future time off to recover from knee surgery that was in the process of being scheduled.

11.    Almost immediately thereafter, **WHITTEMORE**'s supervisor began to retaliate against her by issuing unwarranted discipline. So egregious were the supervisor's actions that when he tried to terminate her employment, the termination was rescinded in early August 2020 after the evidence showed **WHITTEMORE** had done nothing wrong.

12.    As a result, on August 13, 2020, **WHITTEMORE** sent a written complaint to the Defendant's human resources department, the crux of which complained of being retaliated against for her having filed a worker's compensation claim and for requesting FMLA leave.

3

13.     On August 25, 2020, **WHITTEMORE** began exercising her rights under the FMLA by beginning to take intermittent FMLA leave to care for her workplace injury.

14.     On September 1, 2020, the Defendant abruptly terminated **WHITTEMORE**, refusing to provide her a reason for her termination.

15.     Consequently, the Defendant discriminated against **WHITTEMORE** by terminating her employment due to her exercising her right to take FMLA leave, and further retaliated against her for exercising her rights under F.S. §440 and the FWA.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

16.     The Plaintiff hereby incorporates by reference Paragraphs 1-15 in this Count by reference as though fully set forth below.

17.     **WHITTEMORE** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she herself began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a **serious health condition** as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

18.     **WHITTEMORE** informed the Defendant of her likely need for leave for her own serious health condition.

4

19.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within **five business days**, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

20.     If the Defendant were to have decided that **WHITTEMORE**'s absence was **not** FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

21.     The Defendant has never provided **WHITTEMORE** with any notice disqualifying her FMLA leave.

22.     In fact, the Defendant should have determined that **WHITTEMORE** was eligible for leave under the FMLA and yet refused to allow her leave and return her to work, thus terminating her employment because of her request for federally protected medical leave.

23.     **WHITTEMORE** engaged in activity protected by the FMLA when she requested leave due to her knee injury – a serious health condition – consistently informing the Defendant of the same.

24.     The Defendant knew, or should have known, that **WHITTEMORE** was exercising her rights under the FMLA and was aware of **WHITTEMORE**'s need for FMLA-protected absence.

25.     **WHITTEMORE** complied with all of the notice and due diligence requirements of the FMLA.

26.     The Defendant was obligated, but failed, to allow **WHITTEMORE** to take FMLA leave and to return **WHITTEMORE**, an employee who requested FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when she tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

27.     A causal connection exists between **WHITTEMORE**'s request for FMLA-protected leave and her termination from employment with the Defendant because the Defendant denied **WHITTEMORE** a benefit to which she was entitled under the FMLA.

28.     As a result of the above-described violations of FMLA, **WHITTEMORE** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

29.    The Plaintiff hereby incorporates by reference Paragraphs 1-15 in this Count by reference as though fully set forth below.

30.    **WHITTEMORE** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she suffered from a serious health condition, the FMLA defining a **serious health condition** as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **WHITTEMORE** worked more than 1,250 hours in the preceding 12 months of employment with the Defendant.

31.    **WHITTEMORE** informed the Defendant of her need for leave due to her serious health conditions.

32.    The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within **five business days**, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

33.    If the Defendant were to have decided that **WHITTEMORE**'s expected absence was **not** FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

34.    The Defendant has never provided **WHITTEMORE** with any notice disqualifying her FMLA leave.

35.     In fact, the Defendant determined that **WHITTEMORE** was eligible for leave under the FMLA but then terminated her employment because of her request for federally protected medical leave and required reinstatement.

36.     **WHITTEMORE** engaged in activity protected by the **FMLA** when she requested leave due to her serious health conditions, consistently informing the Defendant of the same.

37.     The Defendant knew that **WHITTEMORE** was exercising her rights under the FMLA.

38.     **WHITTEMORE** complied with all of the notice and due diligence requirements of the FMLA.

39.     A causal connection exists between **WHITTEMORE**'s request for FMLA-protected leave and required reinstatement and the Defendant's termination of her employment.

40.     The Defendant retaliated by altering the terms and conditions of **WHITTEMORE**'s employment by terminating **WHITTEMORE**'s employment because she engaged in the statutorily protected activity of requesting FMLA leave. The Defendant terminated her because she engaged in this statutorily protected activity.

41.     The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **WHITTEMORE**'s employment because she engaged in activity protected by the FMLA. As a result of the above-described

8

violations of FMLA, **WHITTEMORE** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

### COUNT III – UNLAWFUL RETALIATION UNDER F.S. § 440.205, WORKER'S COMPENSATION RETALIATION

42.     Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

43.     **WHITTEMORE** was injured on the job and required medical treatment.

44.     **WHITTEMORE** promptly reported the worker's compensation injury to the Defendant and a worker's compensation claim was filed.

45.     **WHITTEMORE** required ongoing and future medical treatment, which was compensable due to her injury occurring in the workplace.

46.     Prior to her termination, **WHITTEMORE** required future leave in order to receive treatment for her workplace injury.

47.     The Defendant then terminated **WHITTEMORE** as a direct result of the same.

48.     Prior to her worker's compensation injury, **WHITTEMORE** had received consistently good performance reviews and had not been subjected to discipline.

49.     **WHITTEMORE**'s filing of a worker's compensation claim, workplace injury and need for treatment for her workplace injury are the direct and proximate causes of the Defendant's termination of her employment.

50.     As a direct and proximate result of the Defendant's actions that violate Florida Statute § 440.105, **WHITTEMORE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with back pay, front pay, non-economic damages, the costs of litigation, interest, and reasonable attorneys' fees.

## <u>COUNT IV –VIOLATION OF FLORIDA STATUTE 448.102: FLORIDA'S PRIVATE WHISTLEBLOWER ACT</u>

51.     Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

52.     **WHITTEMORE** was an employee of the Defendant, a private company.

53.     At all material times, **WHITTEMORE** was to be protected from negative employment action by Florida Statute 448.102(1)-(3), commonly known as Florida's "whistleblower statute," which in relevant part provides:

> "An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice;
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer, and;
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

54.     **WHITTEMORE** did engage in statutorily protected activity under F.S. §448(1) and (3).

55.     Immediately after engaging in statutorily protected activity, **WHITTEMORE** suffered negative employment action, her termination, which is a direct result of her statutorily protected activity.

56.     **WHITTEMORE**'s termination and her engaging in statutorily protected activity are causally related.

57.     The Defendant knew that **WHITTEMORE** was engaged in protected conduct as referenced herein.

58.     The Defendant discharged, terminated, threatened, disciplined and harassed **WHITTEMORE** from her employment, and otherwise retaliated against her because of her protected conduct.

59.     As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, **WHITTEMORE** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

60.     As a direct and proximate result of the violations of F.S. §448.102, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **WHITTEMORE** is entitled to all relief necessary to make her whole.

61.     The Defendant's negative employment actions against **WHITTEMORE** continued until her termination and this count is timely filed.

12

**WHEREFORE,** Plaintiff demands damages against Defendant for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

(a) an injunction restraining continued violation of this act,

(b) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position,

(c) reinstatement of full fringe benefits and seniority rights,

(d) compensation for lost wages, benefits, and other remuneration,

(e) any other compensatory damages allowable at law,

(f) attorney's fees, court costs and expenses, and

(g) such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KATHY WHITTEMORE**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: August 9, 2021          **/s/ Benjamin H. Yormak**
                               Benjamin H. Yormak
                               Florida Bar Number 71272
                               Trial Counsel for Plaintiff
                               YORMAK EMPLOYMENT & DISABILITY LAW
                               9990 Coconut Road
                               Bonita Springs, Florida 34135
                               Telephone: (239) 985-9691
                               Fax: (239) 288-2534
                               Email: byormak@yormaklaw.com